CLERK U.S. DISTRICT COURT
NORTHERN DIST. OF TX
LUBBOCK DIVISION

United States of America

2021 SEP 27  AM 8:46

v.

DEPUTY CLERK      Case Number: 5:17-CR-00100-C(05)

USM No. 56544-177

Amanda Nicole Marney

Defendant

## Motion For Modification of Judgment

COMES NOW, Amanda Nicole Marney, pro se, to file her motion for a modification of the Court's Judgment signed April 20, 2018. Marney requests that her Judgment is modified as follows;

Judgment - Page 2 of 4

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 188 months as to count 2.

This sentence shall run concurrently with the defendants undischarged term of imprison in case No. 2014-402445 for the State of Texas, which is related to the instant offense. (Ex. A)

In support of her motion Marney states the following.

1. On September 27, 2017, Petitioner was arrested by state authorities in Lubbock County, Texas, for Unlawful Possession of a Firearm by a Felon; Theft of a Firearm; and Possession of Marijuana, less than 2 ounces. Marney remained in State custody from September 27, 2017, until November 29, 2017, when she was taken into federal custody on a habeas Corpus Writ ad prosequendum (Ex. B)

9. The United States Marshalls placed a detainer/Hold on Marney on September 27, 2017, while she was detain at Lubbock County Jail. (EX. B)

10. Marney's federal term release date (1-20-32) is greater than the release date for her State sentence. If this Court orders that her federal and State sentences run concurrent, Marney will satisfy the "Willis" Factor (See, Willis v. United States, 438 F.2d 923, 925 (5th Cir 1971). Which will allow her to receive credit for the time she spent in prior custody from September 27, 2017, the date of the Marshall's Hold, until November 19, 2018.

11. During her four years of incarceration Marney has earned her GED and is currently enrolled in the Life Connections Program, a residential faith based re-entry program 18 months in length, and Thresholds, another BOP faith based re-entry program. Both programs have empirical data stating that inmates that complete these programs have a 1% chance of returning to prison. Marney has maintained employment while at FMC Carswell and is currently on the wait list to start a Department of Labor Apprenticeship in House Keeping. Marney has worked diligently to rehabilitate herself and she has maintained clear conduct for over a year.

WHEREFORE, Marney prays that this Court review her case and Grant her motion for modification of her Judgment.

Respectfully Submitted,

Amanda Nicole Marney
BOP No.

Submitted on:

2. Marney was subject to a 5-year term of probation imposed in the 137th District Court, Lubbock County, Texas, in Case No. 2014-402445. On November 6, 2017 a motion to revoke community supervision was filed. (EX. C)

3. On November 8, 2017, Marney was named in a federal indictment filed in the United States District Court for the Northern District of Texas in Case No. 5-17-CR-0100-C.

4. On November 15, 2017, Marney's state charges for September 27, 2017 arrest were rejected for prosecution. But due to the federal indictment filed in U.S. District Court in Case No. 5-17-CR-0100-C, Marney remained in state custody pending revocation of probation in Case No. 2014-402445. (EX. B) Marshall Hold 9-27-17

5. On November 29, 2017, Marney was transferred to federal custody pursuant to a federal writ for prosecution. On April 20, 2018, Marney was sentenced to a 188 month term of imprisonment. (EX. D)

6. The Judgment did not indicate whether the sentence would run concurrently or consecutively with her later imposed State sentence. (EX. A)

7. The BOP contacted this Court for its position on the concurrency of Marney's federal sentence with her later-imposed State sentence. The BOP has not received a response from this Court. (EX. E)

8. Marney's current projected release date for her federal offense is January 20, 2032. Her State sentence for Case No. 2014-402445 is a term of, Two (2) Years TDCJ-ID. The State sentencing Court recommended that the sentence shall run concurrently. (EX. C)(EX. F)

## Exhibits

A  Judgment - Case No: 5:17-CR-00100-C(05)
B  Lubbock County Detainment Records
C  State of Texas Case No: 2014-402445
D  U.S. Marshall Detention Report
E  BOP Letter To Court
F.  Marney's BOP Release Date

Exhibit A

Judgment Case No: 5:17-CR-00100-C(05)

# United States District Court

## Northern District of Texas
Lubbock Division

UNITED STATES OF AMERICA

v.

AMANDA NICOLE MARNEY
   Defendant.

Case Number: 5:17-CR-00100-C(05)
USM No. 56544-177

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, AMANDA NICOLE MARNEY, was represented by Jim Shaw.

On motion of the United States, the court has dismissed the remaining counts of the indictment as to the defendant.

The defendant pleaded guilty to count 2 of the indictment filed November 8, 2017. Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date of Offense | Count Number |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) | Possession With Intent To Distribute 50 Grams Or More Of Methamphetamine | 08/21/2017 | 2 |

As pronounced on April 20, 2018, the defendant is sentenced as provided in pages 1 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, for count 2 of the indictment, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court.

It is further ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material change in the defendant's economic circumstances.

Signed this the 20th day of April, 2018.

_____
SENIOR DISTRICT JUDGE SAM R. CUMMINGS
UNITED STATES DISTRICT COURT

Case 5:17-cr-00100-C   Document 240   Filed 04/20/18   Page 2 of 4   PageID 769

AO 245B (Rev. TXN 2/18) Judgment in a Criminal Case

Judgment -- Page 2 of 4

DEFENDANT:          AMANDA NICOLE MARNEY
CASE NUMBER:        5:17-CR-00100-C(05)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 188 months as to count 2.

The defendant shall remain in the custody of the U.S. Marshal Service.

The court recommends placement at FPC Bryan, Texas.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. TXN 2/18) Judgment in a Criminal Case

Judgment -- Page 3 of 4

DEFENDANT:       AMANDA NICOLE MARNEY
CASE NUMBER:     5:17-CR-00100-C(05)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 5 years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*
The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.

☐   The defendant shall participate in an approved program for domestic violence.

☐   The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Fine and Restitution sheet of the judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  The defendant shall not leave the judicial district without the permission of the court or probation officer.
2)  The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4)  The defendant shall support his or her dependents and meet other family responsibilities.
5)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6)  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.
8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. TXN 2/18) Judgment in a Criminal Case

Judgment -- Page 4 of 4

DEFENDANT:         AMANDA NICOLE MARNEY
CASE NUMBER:      5:17-CR-00100-C(05)

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall abstain from the use of alcohol and all other intoxicants during the term of supervision

2.  The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $20.00 per month.

3.  The defendant shall participate in mental health treatment services as directed by the probation officer until successfully discharged, which services may include prescribed medications by a licensed physician, with the defendant contributing to the costs of services rendered (copayment) at a rate of at least $20.00 per month.

Exhibit B

Lubbock County
Charges - Date - Disposition

Printed:   02/18/2020

AGENCY:LSO          0000000

## Lubbock County Sheriffs Office

Page: 1

SO:   160536       PID:   000186079       BOOKING NO:   2017013439       OPERATOR:

NAME: MARNEY, AMANDA NICOLE          ADDRESS: ████████████          ███    0



COMMITMENT DATE: 09/27/2017          TIME: 22:06

ATTORNEY:

AGE:   30          SKIN: LGT          BLD: SML

DOB: █████          SEX: F          RACE: W          EYES: HAZ          HAIR: BRO          HT:  505          WT:  120

SID: 007381655          STATUS: S          CITIZEN: US

| | CHARGES: | | | WARRANT#: | INDICTMENT#: | COURT: | DISPOSITION: |
|---|---|---|---|---|---|---|---|
| On-view | 1 | FELON IN POSS FIREARM-WFZ 52120007 | | 09/27/2017 | 3713439001 | D000 | RJCB 0 11/17/2017 |
| On-view | 2 | PCS PG1 <1G DFZ 35990231 | | 09/27/2017 | 3713439002 | D000 | RJCB 0 11/17/2017 |
| On-view | 3 | THEFT OF FIREARM 23990006 | | 09/27/2017 | 3713439003 | D000 | RJCB 0 11/16/2017 |
| On-view | 4 | POM <2OZ DFZ 35620008 | | 09/27/2017 | 3713439004 | CL00 | RJCB 0 11/17/2017 |
| Warrant | 5 | FRAUD USE/POSS ID=5-10 26040043 | ARPB 09/26/2017 | | 2014402445 | D137 | JUDG 08/23/2018 |
| Warrant | 6 | PCS PG1 WINT DEL 4-200G 35990003 | BNDS 09/28/2017 | | 2017413147 | D137 | DISM 08/23/2018 |
| Warrant | 7 | FORGERY GOVT FINANCE INST 25890002 | BNDS 09/28/2017 | 3711660001 | | MAG | RJCB 11/02/2017 |
| On-view | 8 | US MARSHALS DETAINER DETR | | 09/27/2017 | | | RHLD 0 12/26/2017 |
| On-view | 9 | HOLD FOR US MARSHAL HUSM | | 09/27/2017 | | | RHLD 0 04/23/2018 |
| On-view | 10 | US MARSHALS DETAINER DETR | | 09/27/2017 | | | RHLD 0 10/15/2018 |
| Commitment | 11 | FRAUD USE/POSS ID=5-10 26040043 | RPIA 10/15/2018 | | 2014402445 | D137 | 2 YEARS / /    / / |
| On-view | 12 | HOLD FOR US MARSHAL HUSM | | 09/27/2017 | | | RUSM 0 11/12/2018 |

**PUBLIC COPY**

APP. 9

Exhibit C

Documents Relating to State Case No: 2014-402445
1. Judgment
2. Motion To Revoke Probation
3. TDC - Discharge on 10-9-2018

CASE NO. 2014-402445
INCIDENT NO./TRN: 9215828869

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 137TH DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| AMANDA MARNEY | § | LUBBOCK COUNTY, TEXAS |
| | § | |
| STATE ID No.: TX 7381655 | § | |

## JUDGMENT REVOKING COMMUNITY SUPERVISION

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. John J. McClendon III | Date Judgment Entered: | 8-23-18 |
| Attorney for State: | Laura Beth Fossett | Attorney for Defendant: | Audie M. Reese |

| | | |
|---|---|---|
| Date of Original Community Supervision Order: **October 29, 2015** | | Statute for Offense: **§ 32.51(C)(2)** |
| Offense for which Defendant Convicted: **Fraud Use / Poss Identifying Info ≥ 5 - 10** | | |
| Date of Offense: **September 18, 2013** | | |
| Degree of Offense: **3rd Degree Felony** | Plea to Motion to Revoke: **True** | Findings on Deadly Weapon: **N/A** |
| Original Punishment Assessed: **Five (5) Years TDCJ-ID Probated Five (5) Years** | FINE: **$N/A** | |
| Shock Community Supervision: **FINE: $** | | |
| Date Sentence Imposed/to Commence: **8-23-18** | | |
| Punishment and Place of Confinement: **Two (2) Years TDCJ-ID** | | |
| THIS SENTENCE SHALL RUN Concurrently. | | |

| | | | |
|---|---|---|---|
| Fine: $ 0 | Court Costs: $ 500 | Restitution: $ 0 | Restitution Payable to: ☐ VICTIM (see below)  ☒ AGENCY/AGENT |

☒ Attachment A, Order to Withdraw Funds, is incorporated into this Judgment and made a part thereof.

### IS ORIGINAL JUDGMENT / SENTENCE REFORMED? Yes

☐ In accordance with Section 12.44(a) Penal Code, the Court finds that the ends of justice would best be served by punishment as a Class A misdemeanor. Defendant is adjudged to be guilty of a state jail felony and is assessed punishment indicated above.

Sex Offender Registration Requirements ☐ Apply    ☒ Does Not Apply  to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was. The requirements set out in this judgment in no way alter previous registration requirements for this Defendant, if any.

| | | | |
|---|---|---|---|
| Time Credited: | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. | | |
| | From 9-19-13 to 5-24-13 | From 6-20-15 to 10-29-15 | From 7-15-16 to 2-17-17 |
| | From 9-27-17 to present | From ___ to ___ | From ___ to ___ |

If Defendant is to serve sentence in jail or is given credit toward fine and costs, enter days credited below.

**TOTAL DAYS:** ___    **NOTES:** ___

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference. This cause was called in Lubbock County, Texas. The State appeared by her District Attorney.

Counsel / Waiver of Counsel (select one)

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

APP. 82

The State filed a motion to revoke Defendant's community supervision. After hearing the State's motion, Defendant's plea, the evidence submitted, and reviewing the record, the Court GRANTS the State's motion. The Court's record indicates that Defendant was previously convicted of a felony offense and punishment was assessed as indicated above. The record indicates the Court ordered imposition of Defendant's sentence of confinement suspended and placed Defendant on community supervision for Five (5) Years.

The Court FINDS Defendant has violated the conditions of community supervision as set out in the State's First Amended Motion to Revoke Community Supervision as follows: A1, A2, A3, A4, A5, A6, A7, A8, A9, A10, B, C, D, I, K1, M, P, Q, S, ISP1, 2, 3, 4, 5, 6, SEE ATTACHED.

Accordingly, the Court ORDERS the previous orders in this cause suspending imposition of sentence of confinement and placing Defendant on community supervision REVOKED. (select one of the following)

☐ The Court ORDERS Defendant punished in accordance with the judgment and sentence originally entered in this cause.

☒ Finding it to be in the interest of justice, the Court ORDERS Defendant punished in accordance with the reformed judgment and sentence indicated above.

### Punishment Options   (select one)

☒ Confinement in State Jail or Institutional Division. The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to TDCJ-ID. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Lubbock County Judicial Compliance Department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

Diligent Participation Credit:

The Court FINDS Defendant is convicted of a state jail felony and ☐ is   ☐ is not  presumptively entitled to diligent participation credit in accordance with Code of Criminal Procedure, article 42.12, Section 15(h). TEX. CODE CRIM. PROC. Art. 43.0199.

☐ County Jail—Confinement / Confinement in Lieu of Payment. The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Lubbock County, Texas on the date the sentence is to commence. Defendant shall be confined in the Lubbock County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Lubbock County Judicial Compliance Department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ Fine Only Payment. The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Lubbock County Judicial Compliance Department. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

☐ The Court further ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

### Furthermore, the following special findings or orders apply:

| Court Costs | $ 5⁰⁰ | APO Fee | $743.00 |
| Attorney Fees | $ 0 | Payment Start Date | Terms of parole |
| | | VIS Included | No |

Dismissals: 2017-413147

The Defendant shall submit a blood sample or other specimen, such as a Buccal swab, within one week of sentencing, to the Department of Public Safety under Subchapter G, Chapter 411, Government Code, for the purpose of creating a DNA record.

During the period of confinement or imprisonment, the Defendant is not to contact the victim or victim's family, either directly or indirectly, or by any other means; pursuant to TEX. CODE CRIM. PROC. art. 42.24.

APP. 83

The Defendant waives any and all interest in any property seized in connection with this case, cash or property (real or personal, tangible or intangible) which is the subject of any civil forfeiture action.

Signed and entered on this the ___23___ day of _August_, _2018_.

X _____

**John J. McClendon III**
JUDGE PRESIDING

APP. 84

CAUSE No. 2014-402445

| THE STATE OF TEXAS | § | IN THE 137TH JUDICIAL DISTRICT |
| | § | COURT |
| VS. | § | OF |
| Amanda Marney | § | LUBBOCK COUNTY, TEXAS |

### FIRST AMENDED MOTION TO REVOKE COMMUNITY SUPERVISION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW on this the ___Olo___ day of ___November, 2017___, the State of Texas, by and through her Assistant Criminal District Attorney of Lubbock County, Texas, hereinafter called Petitioner, would show the Court that heretofore on **10/29/15, Amanda Marney** hereinafter called Defendant or Offender, pled to the offense of **Fraud Use/Poss Identifying Info # Items 5<10,** committed on **09/18/2013,** was assessed punishment for a period of **5 Years,** but was placed on Community Supervision in this cause under the terms and conditions of the Community Supervision and Parole Law for a period of **5 Years** that sentence placing the said Defendant on Community Supervision imposed certain conditions on said Defendant which had to be complied with, or the said Community Supervision heretofore granted would be set aside.

Your Petitioner would show the Court that he/she has good reason to believe, and does believe and charges, that the said Defendant herein has violated the conditions of his Community Supervision in this, to-wit:

**A1.** On or about 03/19/17, in Lubbock County, State of Texas, and after having been placed on community supervision, the offender committed the offense of Poss. Drug Paraphernalia.

**A2.** On or about 08/21/17, in Lubbock County, State of Texas, and after having been placed on community supervision, the offender committed the offense of PCS PG1 W/Int Del 4-200G.

**A3.** On or about 08/21/17, in Lubbock County, State of Texas, and after having been placed on community supervision, the offender committed the offense of Forgery Govt - Counterfeit.

**A4.** On or about 08/23/17, in Lubbock County, State of Texas, and after having been placed on community supervision, the offender committed the offense of PCS PG3 <28G.

**A5.** On or about 08/23/17, in Lubbock County, State of Texas, and after having been placed on community supervision, the offender committed the offense of PCS PG1 <1G.

**A6.** On or about 08/23/17, in Lubbock County, State of Texas, and after having been placed on community supervision, the offender committed the offense of PCS PG1 1-4G.

**A7.** On or about 09/27/17, in Lubbock County, State of Texas, and after having been placed on community supervision, the offender committed the offense of PCS PG1 <1G DFZ.

**A8.** On or about 09/27/17, in Lubbock County, State of Texas, and after having been placed on community supervision, the offender committed the offense of Theft of Firearm.

**A9.** On or about 09/27/17, in Lubbock County, State of Texas, and after having been placed on community supervision, the offender committed the offense of Felon in Poss Firearm-WFZ

2014-402445                                                                                    KD/TB

APP. 50

A10. On or about 09/27/17, in Lubbock County, State of Texas, and after having been placed on community supervision, the offender committed the offense of POM <2oz DFZ.

B. Offender failed to avoid injurious or vicious habits, to wit: The offender has multiple charges for drug possession.

C. Offender failed to avoid persons or places of disreputable or harmful character, to wit: According to LPD Offense Report dated 08/21/17, the offender was arrested with Gabriel Arman Garcia (DOB█████████) who is a convicted felon and is also listed as a member of the West Texas Tangos.

D. Offender failed to report to the community supervision officer as directed, to wit: Offender failed to report for the months of May through August 2017.

I. Offender failed to report any change of address to the Community Supervision Office of Lubbock County, Texas in writing within twenty-four (24) hours; to wit: On 07/12/16, the CSO spoke with the offender's brother and he reported she had not been living with him as reported. On that same day the CSO spoke with the offender and she said she had been living at Motel 6 and had not previously informed this department.

K1. Offender failed to pay Community Supervision fees as directed by the Court. The amount owed to be current through this month is $203.00.

M. Offender failed to submit a non-dilute urine specimen to be tested for alcohol, narcotics, dangerous drugs, or any other tests whenever instructed by the Court and/or the supervision officer to be paid by the defendant, to wit: The offender failed to submit to drug tests on 03/19/17, 03/30/17, 04/12/17, 04/18/17, 04/19/17, 04/20/17, 04/22/17, 04/25/17, 04/26/17, 04/27/17, 04/28/17, 05/06/17, 05/08/17, and 05/16/17. The offender had dilute UAs on 05/04/16, and 02/20/17.

P. Offender failed to attend and complete any drug, alcohol, or any other program as directed and deemed necessary by the supervision officer, to wit: The offender failed to enter inpatient treatment at Managed Care Center on 07/14/16. The offender was discharged from Relapse Prevention Group on 05/22/17 for not attending.

Q. Offender failed to maintain total abstinence from the use or possession of alcoholic beverages and any narcotics, substances not meant for human consumption, or dangerous drugs not prescribed by a physician, to wit: The offender admitted to using methamphetamine on 06/13/16, 06/21/16, 06/27/16, 07/01/17, 03/18/17, 04/19/17, and 04/20/17. Methamphetamine was confirmed in drug tests given on 06/22/16, 06/29/16, 07/06/16, 07/13/16, and 04/24/17. Methamphetamine and opiates were confirmed in a drug test given on 03/22/17. The offender has multiple charges for drug possession.

S. Offender failed to abide by the curfew imposed every evening from 11:00 p.m. and to 6:00 a.m., during which time the defendant is to be at home or at a community based facility each night and remain there unless his/her work requires him/her to be elsewhere, to wit: On 03/22/17 the offender was arrested around 1:51am and during an office visit the offender admitted she had been out past curfew because she was taking a friend home.

ISP

ISP1. Offender failed to avoid places where narcotic drugs are possessed, sold, or used, and do not associate with persons who possess, sell, or use narcotic drugs and do not associate with persons of criminal record; to wit: According to LPD Offense Report dated 08/21/17, the offender was arrested with Gabriel Arman Garcia (DOB █████████ who is a convicted felon and is also listed as a member of the West Texas Tangos.

2014-402445                                                                                                KD/TB

**ISP2.** Offender failed to report for the weeks of: 04/24/17 to 08/14/17.

**ISP3.** Offender failed to attend and complete any drug, alcohol, or any other program as directed and deemed necessary by the Supervision Officer, to wit: The offender failed to enter inpatient treatment at Managed Care Center on 07/14/16. The offender was discharged from Relapse Prevention Group on 05/22/17 for not attending.

**ISP4.** Offender failed to maintain total abstinence from the possession or use of alcoholic beverages and any narcotics or dangerous drugs not prescribed by a physician and cooperate fully with the community supervision officer and any agency contracted therewith to achieve your rehabilitation; to wit: The offender admitted to using methamphetamine on 06/13/16, 06/21/16, 06/27/16, 07/01/17, 03/18/17, 04/19/17, and 04/20/17. Methamphetamine was confirmed in drug tests given on 06/22/16, 06/29/16, 07/06/16, 07/13/16, and 04/21/17. Methamphetamine and opiates were confirmed in a drug test given on 03/22/17.

**ISP5.** Offender failed to submit a non-dilute urine specimen to be tested for alcohol, narcotics, dangerous drugs, or any other test whenever instructed by the Court and/or the Supervision Officer, to wit: The offender failed to submit to drug tests on 03/19/17, 03/30/17, 04/12/17, 04/18/17, 04/19/17, 04/20/17, 04/22/17, 04/25/17, 04/26/17, 04/27/17, 04/28/17, 05/06/17, 05/08/17, and 05/16/17. The offender had dilute UAs on 05/04/16, and 02/20/17.

**ISP6.** Offender failed to abide by a curfew imposed every evening between the hours of 11:00 p.m. and 6:00 a.m. during which time the defendant will be at home or at a community based facility each night and remain there unless his/her work requires him/her to be elsewhere; to wit: On 03/22/17 the offender was arrested around 1:51am and during an office visit the offender admitted she had been out past curfew because she was taking a friend home.

Time Credits earned per CCP Article 42A 702
| TYPE: | TIME: |
|---|---|
| COURT COSTS PAID IN FULL | 15 days |
| SUBSTANCE ABUSE COUNSELING/TREATMENT | 90 days |
| Total: | 105 days |

Your petitioner would show the Court that he has good reason to believe, and does believe and charge, that the said Defendant herein has willfully and intentionally violated the conditions of his community supervision as described above. That the said violations of the conditions of his community supervision as mentioned above, were committed while the said community supervision was in full force and effect.

Wherefore, premises considered, your Petitioner prays that capias issue, and, upon arrest, that the Defendant be brought before the Court so that the Court may determine whether or not the said community supervision should be revoked.

Respectfully submitted,

Assistant Criminal District Attorney
Lubbock County, Texas
State Bar No. 24108092



**Texas Department of Criminal Justice**

Bryan Collier
Executive Director

October 9, 2018

SO LUBBOCK CO, TX

RE: *MARNEY,AMANDA*
SID NO. 07381655

The subject is currently in the custody of the SO LUBBOCK CO, TX; relating to a 02 year offense for FRAUD USE/POSS ID INFO 5-10 under cause no. 2014-402445. Our records indicated that the offender has satisfied the requirements for Discharge-In-Absentia concerning this commitment.

Based upon those circumstances, we are closing our files relating to this conviction. This offender will be released by Discharge on 10/9/2018 without further obligation on said cause no(s).

Sincerely,

Travis Turner
Chairman, Classification and Records
CL, Administrative Assistant I, Release Section

*Our mission is to provide public safety, promote positive change in offender behavior, reintegrate offenders into society, and assist victims of crime.*

P.O. Box 99
Huntsville, Texas 77342-0099
936-437-2170
www.tdcj.texas.gov

APP. 87

**Texas Department of Criminal Justice**

**Huntsville, Texas 77340**

To whom it may concern:

The undersigned, Director of the Texas Department of Criminal Justice, certifies that

MARNEY, AMANDA

TDCJ number SID 07381555, was convicted of a felony to-wit by the District Courts of:

FRAUD USE/POSS ID INFO 5-10                          LUBBOCK

And sentenced on the 9th day of OCTOBER A.D., 18 to 02 years confinement in the penitentiary.

Received in TDCJ custody
Released to mandatory supervision
Released to parole
Date of discharge                          10-09-18

Remarks: DISCHARGE IN ABSENTIA AO LUBBOCK CO, TX

Per Texas Government Code, Chapter 493.009, the Sexual Records Administration has been informed of an offender who may not have entered in a facility for a period of less than parole considerations and was a previously receiving Supplemental Security Income or Social Security Disability Insurance benefits.

Per Texas Family Code, Section 85.025 (a), if a person is the subject of a protective order that was issued September 1, 1999 through June 6, 2011, and is confined or imprisoned on the date the order expires, the Texas Family Code, Section 85.025 (c) mandates that the order be extended for one year from the date the offender is released from confinement or imprisonment. Effective June 6, 2011 and after the order will be extended for one year for sentences of more than 5 years and two years of sentences of 5 years or less.

Witness my hand and seal of office this the 4th day of SEPTEMBER, 2018.



Lorie L. H. Davis _____ , DIRECTOR

By
CHAPMAN    CLASSIFICATION AND RECORDS
Travis Turner

(TDxx)

APP. 88

Exhibit D

U.S. Marshall Detention Report

United States Marshals Service
LIMITED OFFICIAL USE
Printed On: 02-18-2020 15:27:06-06:00

USM-129 Individual Custody/Detention Report
USMS #: 56544177

## I. IDENTIFICATION DATA

USMS #: 56544177    Name: MARNEY, AMANDA NICOLE

Address: 2505 NEWCOMB STREET, LUBBOCK, TX 79415    Phone:

DOB: ███████    Age: 30    POB: LUBBOCK, TX



| Sex: Female | Race: White or White Hispanic | Hair: Brown | Eye: Hazel | Height: 5' 5" | Weight: 120 lbs |

SSN: ███████    FBI #/UCN: 79152KC5    Alien #:

| Other Number | Other Number Type | Issue Date | Exp Date | Remarks |
|---|---|---|---|---|
| None | | | | |

| ** Special Cautions and Medical | Remarks | Separatee |
|---|---|---|
| ███ | | |

| TB Clearance Status | Assessment Date | Expired |
|---|---|---|
| CLEARED | 10/02/2017 | 10/02/2018 |

| DNA Test Date | Taken? | Deputy | Remarks/Kit # |
|---|---|---|---|
| | NO | , | TO BE TAKEN |

| Detainer Date | L/R | Active? | Agency | Remark |
|---|---|---|---|---|
| 04/23/2018 | LODGED | YES | LUBBOCK CO SHERIFF'S OFFICE | CUSTODY OF THE BUREAU OF PRISONS FOR A TERM OF 188 MOS |

| Prisoner Alias | Alias Remark |
|---|---|
| None | |

| General Remarks |
|---|
| None |

APP. 73

## II. CUSTODY INFORMATION

| Custody 1 | | Custody Start Date: 11/29/2017 | | End Date: 11/19/2018 |
|---|---|---|---|---|

| Custody Status | Office | Start Date | End Date | Remark |
|---|---|---|---|---|
| WT-CASE-RESOLVE | B77 | 11/29/2017 | 04/20/2018 | |
| RL-STATE | B77 | 04/20/2018 | 10/15/2018 | FED DETAINER PLACED |
| WT-DESIG | B77 | 10/15/2018 | 10/17/2018 | LCDC STATE CHARGES HAVE BEEN SATISFIED |
| WT-MOVE | B77 | 10/17/2018 | 11/19/2018 | DESIGNATED TO CARSWELL |
| RL-BOP | A77 | 11/19/2018 | 11/19/2018 | |

| Court Case 1 | District Office | Judge | US Attorney | Defense Attorney |
|---|---|---|---|---|
| 5:17-CR-01234 | TX/N LUBBOCK | | | |

| Arrests | Arrest Date | Arresting Agency | Arrest Location | Warrant Number |
|---|---|---|---|---|
| | 11/29/2017 | UNITED STATES MARSHALS SERVICE | CELLBLOCK | - |

| Offenses | Code | Offense | Remark | Disposition |
|---|---|---|---|---|
| | 3599 | Dangerous Drugs | WRIT FROM LCDC | Guilty |

| Sentence | Sentence Date | Sentence | Appeal Date | Duration |
|---|---|---|---|---|
| | 04/20/2018 | Prison - Other | | 188 MOS BOP AST OT CT 2; TSR 5 YRS; RECOMMEDED PLACEMENT FPC BRYAN TX; |

| Court Case Status | Start Date | End Date | Remark |
|---|---|---|---|
| WHCAP | 11/29/2017 | 11/29/2017 | WRIT FROM LCDC |
| WT-TRIAL | 11/29/2017 | 04/20/2018 | |
| RC-J/C | 04/20/2018 | 04/20/2018 | 188 MOS BOP AST OT CT 2; TSR 5 YRS; RECOMMEDED PLACEMENT FPC BRYAN TX; JUDGE CUMMINGS |
| CASE-RESOLVED | 04/20/2018 | 04/20/2018 | |

| Inst | Institution Name | Admit | Release | Boarded | Action or Disposition |
|---|---|---|---|---|---|
| 6S7 | Lubbock County Detention Center | 11/29/2017 | 04/20/2018 | 142 | |
| 6S7 | Lubbock County Detention Center | 10/15/2018 | 11/13/2018 | 29 | |
| 6DX | Taylor Co Jail | 11/13/2018 | 11/14/2018 | 1 | TF TO TAYLOR CO. |
| 6YB | Parker County Jail | 11/14/2018 | 11/19/2018 | 5 | FFT - FMC CRW |
| | | TOTAL DAYS BOARDED | | 177 | |

APP. 74

III. Medical Condition/Treatment History

| Date Service Provided | Vendor | Service Provided |
|---|---|---|

Exhibit E

BOP letter to Court



U.S. Department of Justice

Federal Bureau of Prisons

Designation and Sentence Computation Center

U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, Texas 75051

February 24, 2020

The Honorable Sam R. Cummings
Senior United States District Court Judge
    for the Northern District of Texas
1205 Texas Avenue, Room 308
Lubbock, Texas 79401

RE:  MARNEY, Amanda Nicole
     Register Number: 56544-177
     Case Number: 5:17-CR-00100-C(05)

Dear Senior Judge Cummings:

On April 20, 2018, Amanda Marney was sentenced by the Court
to a 188-month term of confinement for Possession With Intent to
Distribute 50 Grams or More of Methamphetamine. Ms. Marney has
requested that her federal sentence be served concurrently with
the state term, which would be accomplished by the Bureau of
Prisons (Bureau) designating the state institution for service of
her federal sentence under 18 U.S.C. § 3621(b). Such action
would thereby reduce the total amount of time spent in custody.
In Setser v. United States, 566 U.S. 231, 237 (2012), the United
States Supreme Court held that the authority to order a federal
sentence concurrent with or consecutive to any other sentence
rests with the federal sentencing court. The Bureau is
requesting guidance as to how Ms. Marney's federal sentence
should run with respect to a sentence she has served with the
State of Texas.

At the time the federal sentence was imposed, Ms. Marney was
under the primary jurisdiction of state authorities in Texas, and
in federal custody pursuant to a writ of habeas corpus. The
respective Judgment in a Criminal Case was silent regarding any
relationship with the forthcoming action by the state. Following
sentencing, Ms. Marney was returned to state authorities and the
U.S. District Court Judgment was filed as a detainer.

APP. 97

On August 23, 2018, Ms. Marney's probation was revoked, and she was sentenced by the State of Texas to a 2-year term of imprisonment in Lubbock County Court Case Number 2014-402445. The state information obtained by the Bureau indicates the court ordered the sentence to run concurrently, with no specific reference to the federal sentence.  On October 9, 2018, Ms. Marney's state obligation was satisfied, and she was released to the federal detainer on October 15, 2018, to commence the service of her federal sentence as provided by 18 U.S.C. § 3585(a).

The Bureau strives to administer sentences in accordance with federal statutes, Bureau policy, and the intent of the sentencing court.  Should the Court indicate the sentence is to run concurrently with the state term, the Bureau will commence the sentence in the above judgment on the date of imposition, which will result in Ms. Marney's release from Bureau custody on or about January 7, 2031.  Should the Court indicate the sentence is to run consecutively to the state term, she will continue to a current projected release date of January 20, 2032.

Please advise us at your earliest convenience, as to the Court's position on a retroactive designation in this case. Should additional information be necessary, please contact Marcus Boudreaux, Correctional Programs Specialist, at 972-595-3189.

Sincerely,

John O'Brien
Chief

mfe
cc:  Sean Long, AUSA
     Joni L. Hail, USPO

APP. 98

Exhibit F

BOP Projected Release Date For Marney

```
     DSCDJ          *        PUBLIC INFORMATION          *     02-19-2020
     PAGE 002       *           INMATE DATA              *     09:59:23
                               AS OF 02-19-2020

     REGNO..: 56544-177 NAME: MARNEY, AMANDA NICOLE

                        RESP OF: CRW
                        PHONE..: 817-782-4000    FAX: 817-782-4875
     HOME DETENTION ELIGIBILITY DATE: 07-20-2031

     THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
     THE INMATE IS PROJECTED FOR RELEASE:  01-20-2032 VIA GCT REL

     ----------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

     COURT OF JURISDICTION..........: TEXAS, NORTHERN DISTRICT
     DOCKET NUMBER..................: 5:17-CR-00100-C(05)
     JUDGE..........................: CUMMINGS
     DATE SENTENCED/PROBATION IMPOSED: 04-20-2018
     DATE COMMITTED.................: 11-19-2018
     HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
     PROBATION IMPOSED..............: NO

                     FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
     NON-COMMITTED.: $100.00        $00.00          $00.00        $00.00

     RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO    AMOUNT:  $00.00

     ----------------------CURRENT OBLIGATION NO: 010 ----------------------
     OFFENSE CODE....:  383     21:841 SCH II NON-NARCOTIC
     OFF/CHG: 21:841(A)(1) AND 841(B)(1)(B)(VIII) POSSESSION WITH INTENT TO
              DISTRIBUTE 50 GRAMS OR MORE OFMETHAMPHETAMINE

     SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
     SENTENCE IMPOSED/TIME TO SERVE.:  188 MONTHS
     TERM OF SUPERVISION............:    5 YEARS
     DATE OF OFFENSE................: 08-21-2017




     G0002        MORE PAGES TO FOLLOW . . .
```

APP. 91



UNITED STATES POSTAL SERVICE

P US POSTAGE PAID
$0.00
Origin: 76127
09/22/21
4832320127-72

STATES SERVICE®

PRIORITY MAIL 2-DAY®

0 Lb 6.20 Oz
1004

EXPECTED DELIVERY DAY: 09/25/21

C067

SHIP
TO: 1205 TEXAS AVE
Lubbock TX 79401-4037

USPS TRACKING® #

9505 5106 1737 1265 3269 23

PRIORITY® MAIL

FOREVER / USA   FOREVER / USA   FOREVER / USA

RECEIVED
SEP 27 2021
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FROM: Amanda Marney
Name
P.O. Box 27137
Box or Street Address
Fort Worth TX 76127
City, State and ZIP Code

Postage Stamps
Here

TO: Northern District of Texas
1205 Texas Ave
Lubbock TX 79401

TRAC

USPS.COM®
PLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 20 lbs.